Helen F. Dalton & Associates, P.C.
Helen F. Dalton (HFD 3231)
Roman Avshalumov (RA 5508)
69-12 Austin Street
Forest Hills, NY 11375

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------------------X

RAFAEL SANTOS, ROBERT ANTONIO MIRON
CASTILLO, MARLON CRUZ, and ISRAEL CARCAMO-
PONCE, individually and on behalf of all others similarly
situated,

**COLLECTIVE ACTION
COMPLAINT**

JURY TRIAL
DEMANDED

Plaintiffs,

-against-

FIVE BROTHERS AUTO SPA AND LUBE CORP. and
HAK SANG MEIER, as individual,

Defendants.

-------------------------------------------------------------------------X

Plaintiffs, **RAFAEL SANTOS, ROBERT ANTONIO MIRON CASTILLO, MARLON
CRUZ, and ISRAEL CARCAMO-PONCE,** individually and on behalf of all others similarly
situated, (hereinafter referred to as "Plaintiffs"), by their attorneys at Helen F. Dalton &
Associates, P.C., alleges, upon personal knowledge as to themselves and upon information and
belief as to other matters, as follows:

## PRELIMINARY STATEMENT

1. Plaintiffs, **RAFAEL SANTOS, ROBERT ANTONIO MIRON CASTILLO,
   MARLON CRUZ, and ISRAEL CARCAMO-PONCE,** through undersigned
   counsel, brings this action against **FIVE BROTHERS AUTO SPA AND LUBE
   CORP. and HAK SANG MEIER**, as individuals (hereinafter referred to as
   "Defendants"), to recover damages for egregious violations of federal and state
   overtime wage and minimum wage laws arising out of Plaintiffs' employment at

1

FIVE BROTHERSS AUTO SPA AND LUBE CORP., currently located at 3327 Conner Street, Bronx, New York 10475.

2.  Plaintiff RAFAEL SANTOS was employed by Defendants as a vacuumer and car cleaner, while performing other miscellaneous tasks, at FIVE BROTHERS AUTO SPA AND LUBE CORP., currently located at 3327 Conner Street, Bronx, New York 10475.

3.  Plaintiff ROBERT ANTONIO MIRON CASTILLO was employed by Defendants as a vacuumer and car cleaner, while performing other miscellaneous tasks, at FIVE BROTHERS AUTO SPA AND LUBE CORP., currently located at 3327 Conner Street, Bronx, New York 10475.

4.  Plaintiff MARLON CRUZ was employed by Defendants as a vacuumer and car cleaner, while performing other miscellaneous tasks, at FIVE BROTHERS AUTO SPA AND LUBE CORP., currently located at 3327 Conner Street, Bronx, New York 10475.

5.  Plaintiff ISRAEL CARCAMO-PONCE was employed by Defendants as a vacuumer and car cleaner, while performing other miscellaneous tasks, at FIVE BROTHERS AUTO SPA AND LUBE CORP., currently located at 3327 Conner Street, Bronx, New York 10475.

6.  As a result of the violations of Federal and New York State labor laws delineated below, Plaintiff seeks compensatory damages and liquidated damages in an amount exceeding $100,000.00.  Plaintiff also seeks interest, attorneys' fees, costs, and all other legal and equitable remedies this Court deems appropriate.

## JURISDICTION AND VENUE

7.  This Court has subject matter jurisdiction over Plaintiffs' federal claims pursuant to the FLSA, 29 U.S.C. §216 and 28 U.S.C. §1331.

8.  This Court has supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. §1367.

9.  Venue is proper in the SOUTHERN District of New York pursuant to 28 U.S.C. §1391(b) because a substantial part of the events or omissions giving rise to the claims occurred in this district.

10. This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§2201 & 2202.

**THE PARTIES**

11. Plaintiff, RAFAEL SANTOS, residing at 850 165th Street, Bronx, New York 10459, was employed by Defendants at FIVE BROTHERS AUTO SPA AND LUBE CORP., currently located at 3327 Conner Street, Bronx, New York 10475 from in or around August 2014 until in or around December 2017.

12. Plaintiff, ROBERT ANTONIO MIRON CASTILLO, residing at 1459 Bryant Avenue, Bronx, New York 10460, was employed by Defendants at FIVE BROTHERS AUTO SPA AND LUBE CORP., currently located at 3327 Conner Street, Bronx, New York 10475 from in or around January 2016 until in or around December 2017.

13. Plaintiff, MARLON CRUZ, residing at 595 East 170th Street, Bronx, New York 110456, was employed by Defendants at FIVE BROTHERS AUTO SPA AND LUBE CORP., currently located at 3327 Conner Street, Bronx, New York 10475 from in or around May 2017 until in or around December 2017.

14. Plaintiff, ISRAEL CARCAMO-PONCE, residing at 721 Faile Street, Bronx, New York 10474, was employed by Defendants at FIVE BROTHERS AUTO SPA AND LUBE CORP., currently located at 3327 Conner Street, Bronx, New York 10475 from in or around December 2017.

15. Upon information and belief, Defendant, FIVE BROTHERS AUTO SPA AND LUBE CORP., is a corporation organized under the laws of New York with a principal executive office at 3327 Conner Street, Bronx, New York 10475.

16. Upon information and belief, Defendant, FIVE BROTHERS AUTO SPA AND LUBE CORP., is a corporation authorized to do business under the laws of New York.

17. Upon information and belief, Defendant HAK SANG MEIER owns and/or operates FIVE BROTHERS AUTO SPA AND LUBE CORP.

18. Upon information and belief, Defendant HAK SANG MEIER manages FIVE BROTHERS AUTO SPA AND LUBE CORP.

19. Upon information and belief, Defendant HAK SANG MEIER is the Chairman of the Board of FIVE BROTHERS AUTO SPA AND LUBE CORP.

20. Upon information and belief, Defendant HAK SANG MEIER is the Chief Executive Officer of FIVE BROTHERS AUTO SPA AND LUBE CORP.

21. Upon information and belief, Defendant HAK SANG MEIER is an agent of FIVE BROTHERS AUTO SPA AND LUBE CORP.

22. Upon information and belief, Defendant HAK SANG MEIER has power over personnel decisions at FIVE BROTHERS AUTO SPA AND LUBE CORP.

23. Upon information and belief, Defendant HAK SANG MEIER has power over payroll decisions at FIVE BROTHERS AUTO SPA AND LUBE CORP.

24. Defendant HAK SANG MEIER has the power to hire and fire employees at FIVE BROTHERS AUTO SPA AND LUBE CORP., establish and pay their wages, set their work schedule, and maintains their employment records.

25. During all relevant times herein, Defendant HAK SANG MEIER was Plaintiffs' employer within the meaning of the FLSA and NYLL.

26. Upon information and belief, FIVE BROTHERS AUTO SPA AND LUBE CORP. is, at present and has been at all times relevant to the allegation in the complaint, an enterprise engaged in interstate commerce within the meaning of the FLSA in that the entity (i) has had employees engaged in commerce or in the production of goods for commerce, and handle, sell or otherwise work on goods or material that have been moved in or produced for commerce by any person: and (ii) has had an annual gross volume of sales of not less than $500,000.00.

## STATEMENT OF FACTS

27. Plaintiff RAFAEL SANTOS was employed by Defendants at FIVE BROTHERS AUTO SPA AND LUBE CORP. currently located at 3327 Conner Street, Bronx, New York 10475 from in or around August 2014 until in or around December 2017.

28. Plaintiff RAFAEL SANTOS was employed by Defendants as a vacuum and car cleaner, while performing other miscellaneous tasks, at FIVE BROTHERS AUTO SPA AND LUBE CORP., currently located at 3327 Conner Street, Bronx, New York 10475, from in or around August 2014 until in or around December 2017.

29. Plaintiff RAFAEL SANTOS worked approximately seventy-two (72) hours or more per week at FIVE BROTHERS AUTO SPA AND LUBE CORP. from in or around August 2014 until in or around December 2017.

30. Plaintiff RAFAEL SANTOS was paid by Defendant on average $400.00 per week from August 2014 until in or around December 2017.

31. Defendants failed to pay Plaintiff RAFAEL SANTOS the legally prescribed minimum wage for his hours worked from in or around August 2014 until in or around December 2017, a blatant violation of the minimum wage provisions contained in the FLSA and NYLL.

32. Although Plaintiff RAFAEL SANTOS worked approximately seventy-two (72) hours or more per week during his employment for Defendants, Defendants did not pay Plaintiff time and a half (1.5) of his regular hourly wage for hours worked over forty (40), a blatant violation of the overtime provisions contained in the FLSA and NYLL.

33. Furthermore, Plaintiff RAFAEL SANTOS worked approximately twelve (12) or more hours per day, six (6) days a week from in or around August 2014 until in or around December 2017, Defendants did not pay Plaintiff an extra hour at the legally prescribed minimum wage for each day worked over ten (10) hours, a blatant violation of the spread of hours provisions contained in the NYLL.

34. Plaintiff ROBERT ANTONIO MIRON CASTILLO was employed by Defendants at FIVE BROTHERS AUTO SPA AND LUBE CORP. currently located at 3327 Conner Street, Bronx, New York 10475 from in or around January 2016 until in or around December 2017.

35. Plaintiff ROBERT ANTONIO MIRON CASTILLO was employed by Defendants as a vacuumer and car cleaner, while performing other miscellaneous tasks, at FIVE BROTHERS AUTO SPA AND LUBE CORP., currently located at 3327 Conner Street, Bronx, New York 10475, from in or around January 2016 until in or around December 2017.

36. Plaintiff ROBERT ANTONIO MIRON CASTILLO worked approximately seventy-two (72) hours or more per week at FIVE BROTHERS AUTO SPA AND LUBE CORP. from in or around January 2016 until in or around December 2017.

37. Plaintiff ROBERT ANTONIO MIRON CASTILLO was paid by Defendant on average $440.00 per week from January 2016 until in or around December 2017.

38. Defendants failed to pay Plaintiff ROBERT ANTONIO MIRON CASTILLO the legally prescribed minimum wage for his hours worked from in or around January 2016 until in or around December 2017, a blatant violation of the minimum wage provisions contained in the FLSA and NYLL.

39. Although Plaintiff ROBERT ANTONIO MIRON CASTILLO worked approximately seventy-two (72) hours or more per week during his employment for Defendants, Defendants did not pay Plaintiff time and a half (1.5) of his regular hourly wage for hours worked over forty (40), a blatant violation of the overtime provisions contained in the FLSA and NYLL.

40. Furthermore, Plaintiff ROBERT ANTONIO MIRON CASTILLO worked approximately twelve (12) or more hours per day, six (6) days a week from in or around January 2016 until in or around December 2017, Defendants did not pay Plaintiff an extra hour at the legally prescribed minimum wage for each day worked over ten (10) hours, a blatant violation of the spread of hours provisions contained in the NYLL.

41. Plaintiff MARLON CRUZ was employed by Defendants at FIVE BROTHERS AUTO SPA AND LUBE CORP. currently located at 3327 Conner Street, Bronx, New York 10475 from in or around May 2017 until in or around December 2017.

42. Plaintiff MARLON CRUZ was employed by Defendants as a vacuumer and car cleaner, while performing other miscellaneous tasks, at FIVE BROTHERS AUTO SPA AND LUBE CORP., currently located at 3327 Conner Street, Bronx, New York 10475, from in or around May 2017 until in or around December 2017.

43. Plaintiff MARLON CRUZ worked approximately seventy-two (72) hours or more per week at FIVE BROTHERS AUTO SPA AND LUBE CORP. from in or around May 2017 until in or around December 2017.

44. Plaintiff MARLON CRUZ was paid by Defendant on average $420.00 per week from May 2017 until in or around December 2017.

45. Defendants failed to pay Plaintiff MARLON CRUZ the legally prescribed minimum wage for his hours worked from in or around May 2017 until in or around December

2017, a blatant violation of the minimum wage provisions contained in the FLSA and NYLL.

46. Although Plaintiff MARLON CRUZ worked approximately seventy-two (72) hours or more per week during his employment for Defendants, Defendants did not pay Plaintiff time and a half (1.5) of his regular hourly wage for hours worked over forty (40), a blatant violation of the overtime provisions contained in the FLSA and NYLL.

47. Furthermore, Plaintiff MARLON CRUZ worked approximately twelve (12) or more hours per day, six (6) days a week from in or around May 2017 until in or around December 2017, Defendants did not pay Plaintiff an extra hour at the legally prescribed minimum wage for each day worked over ten (10) hours, a blatant violation of the spread of hours provisions contained in the NYLL.

48. Plaintiff ISRAEL CARCAMO-PONCE was employed by Defendants at FIVE BROTHERS AUTO SPA AND LUBE CORP. currently located at 3327 Conner Street, Bronx, New York 10475 in or around December 2017.

49. Plaintiff ISRAEL CARCAMO-PONCE was employed by Defendants as a vacuumer and car cleaner, while performing other miscellaneous tasks, at FIVE BROTHERS AUTO SPA AND LUBE CORP., currently located at 3327 Conner Street, Bronx, New York 10475, in or around December 2017.

50. Plaintiff ISRAEL CARCAMO-PONCE worked approximately seventy-two (72) hours or more per week at FIVE BROTHERS AUTO SPA AND LUBE CORP. in or around December 2017.

51. Plaintiff ISRAEL CARCAMO-PONCE was paid by Defendant on average $414.00 per week in or around December 2017.

52. Defendants failed to pay Plaintiff ISRAEL CARCAMO-PONCE the legally prescribed minimum wage for his hours worked in or around December 2017, a blatant violation of the minimum wage provisions contained in the FLSA and NYLL.

53. Although Plaintiff ISRAEL CARCAMO-PONCE worked approximately seventy-two (72) hours or more per week during his employment for Defendants, Defendants did not pay Plaintiff time and a half (1.5) of his regular hourly wage for hours worked over forty (40), a blatant violation of the overtime provisions contained in the FLSA and NYLL.

54. Furthermore, Plaintiff ISRAEL CARCAMO-PONCE worked approximately twelve (12) or more hours per day, six (6) days a week in or around December 2017, Defendants did not pay Plaintiff an extra hour at the legally prescribed minimum wage for each day worked over ten (10) hours, a blatant violation of the spread of hours provisions contained in the NYLL.

55. Defendants unlawfully deducted $150.00 from each Plaintiff's last pay check in December 2017.

56. Upon information and belief, Defendants willfully failed to post notices of the minimum wage and overtime wage requirements in a conspicuous place at the location of their employment as required by both the NYLL and the FLSA.

57. Upon information and belief, Defendants willfully failed to keep payroll records as required by both NYLL and the FLSA.

58. As a result of these violations of Federal and New York State labor laws, Plaintiffs seek compensatory damages and liquidated damages in an amount exceeding $100,000. Plaintiffs also seek interest, attorney's fees, costs, and all other legal and equitable remedies this Court deems appropriate.

## COLLECTIVE ACTION ALLEGATIONS

59. Plaintiffs bring this action on behalf of themselves and other employees similarly situated as authorized under the FLSA, 29 U.S.C. § 216(b). The employees similarly situated are:

60. Collective Class: All persons who are or have been employed by the Defendants as vacuumers, car cleaners, or other similarly titled personnel with substantially similar job requirements and pay provisions, who were performing the same sort of functions for Defendants, other than the executive and management positions, who have been subject to Defendants' common practices, policies, programs, procedures, protocols and plans including willfully failing and refusing to pay required minimum and overtime wage compensation.

61. Upon information and belief, Defendants employed between 25 and 35 employees within the past three years subjected to similar payment structures.

62. Upon information and belief, Defendants suffered and permitted Plaintiffs and the Collective Class to work more than forty hours per week without appropriate overtime compensation.

63. Upon information and belief, Defendants suffered and permitted Plaintiffs and the Collective Class to work without proper minimum wage compensation.

64. Defendants' unlawful conduct has been widespread, repeated, and consistent.

65. Upon information and belief, Defendant had knowledge that Plaintiffs and the Collective Class performed work requiring overtime pay and that Plaintiffs were paid below the applicable minimum wage.

66. Defendants' conduct as set forth in this Complaint, was willful and in bad faith, and has caused significant damages to Plaintiffs and the Collective Class.

67. Defendants are liable under the FLSA for failing to properly compensate Plaintiffs and the Collective Class, and as such, notice should be sent to the Collective Class. There are numerous similarly situated current and former employees of Defendants who have been denied overtime pay and/or proper minimum wage in violation of the FLSA and NYLL, who would benefit from the issuance of a Court-supervised notice of the present lawsuit, and the opportunity to join the present lawsuit. Those similarly situated employees are known to Defendants and are readily identifiable through Defendants' records.

68. The questions of law and fact common to the putative class predominate over any questions affecting only individual members.

69. The claims of Plaintiffs are typical of the claims of the putative class.

70. Plaintiffs and their counsel will fairly and adequately protect the interests of the putative class.

71. A collective action is superior to other available methods for the fair and efficient adjudication of this controversy.

### FIRST CAUSE OF ACTION
**Overtime Wages Under The Fair Labor Standards Act**

72. Plaintiffs re-allege and incorporate by reference all allegations in all preceding paragraphs.

73. Plaintiffs have consented in writing to be a party to this action, pursuant to 29 U.S.C. §216(b).

74. At all times relevant to this action, Plaintiffs were engaged in commerce or the production of goods for commerce within the meaning of 29 U.S.C. §§206(a) and 207(a).

75. At all times relevant to this action, Defendants were employers engaged in commerce or the production of goods for commerce within the meaning of 29 U.S.C. §§206(a) and 207(a).

76. Defendants willfully failed to pay Plaintiffs overtime wages for hours worked in excess of forty (40) hours per week at a wage rate of one and a half (1.5) times the regular wage, to which Plaintiffs were entitled under 29 U.S.C. §§206(a) in violation of 29 U.S.C. §207(a)(1).

77. Defendants' violations of the FLSA as described in this Complaint have been willful and intentional. Defendants have not made a good effort to comply with the FLSA with respect to the compensation of the Plaintiffs.

78. Due to Defendants' FLSA violations, Plaintiffs are entitled to recover from Defendants, jointly and severally, their unpaid wages and an equal amount in the form of liquidated damages, as well as reasonable attorneys fees and costs of the action, including interest, pursuant to the FLSA, specifically 29 U.S.C. §216(b).

## SECOND CAUSE OF ACTION
### Overtime Wages Under New York Labor Law

79. Plaintiffs re-allege and incorporate by reference all allegations in all preceding paragraphs.

80. At all times relevant to this action, Plaintiffs were employed by Defendants within the meaning of New York Labor Law §§2 and 651.

81. Defendants failed to pay Plaintiffs overtime wages for hours worked in excess of forty hours per week at a wage rate of one and a half (1.5) times the regular wage to which Plaintiffs were entitled under New York Labor Law §652, in violation of 12 N.Y.C.R.R. 137-1.3.

82. Due to Defendants' New York Labor Law violations, Plaintiffs are entitled to recover from Defendants, jointly and severally, their unpaid overtime wages and an amount equal to their unpaid overtime wages in the form of liquidated damages, as well as reasonable attorneys' fees and costs of the action, including interest in accordance with NY Labor Law §198(1-a).

### THIRD CAUSE OF ACTION
**Minimum Wages Under The Fair Labor Standards Act**

83. Plaintiffs re-allege and incorporate by reference all allegations in all preceding paragraphs.

84. Plaintiffs have consented in writing to be a party to this action, pursuant to 29 U.S.C. §216(b).

85. At all times relevant to this action, Plaintiffs were engaged in commerce or the production of services and goods for commerce within the meaning of 29 U.S.C. §§206(a) and 207(a).

86. At all times relevant to this action, Defendants were employers engaged in commerce or the production of goods for commerce within the meaning of 29 U.S.C. §§206(a) and 207(a).

87. Defendants willfully failed to pay Plaintiffs a minimum wage in accordance with 29 U.S.C. §§201, 202 and 203.

88. Defendants' violations of the FLSA, as described in this Complaint have been willful and intentional.

89. Defendants have not made a good faith effort to comply with the FLSA with respect to the Plaintiffs' compensation.

90. Due to Defendants' FLSA violations, Plaintiffs are entitled to recover from Defendants, jointly and severally, his unpaid minimum wages and an equal amount in the form of liquidated damages, as well as reasonable attorneys' fees and costs of the action including interest, pursuant to the FLSA, specifically 29 U.S.C. §216(b).

## FOURTH CAUSE OF ACTION
### Minimum Wages Under New York Labor Law

91. Plaintiffs re-allege and incorporate by reference all allegations in all preceding paragraphs.

92. At all times relevant to this action, Plaintiffs were employed by Defendants within the meaning of NYLL §§2 and 651.

93. At all times relevant to this action, Defendants were employers within the meaning of NYLL.

94. Defendants failed to record, credit or compensate Plaintiffs the applicable minimum hourly wage, in violation of the New York Minimum Wage Act, specifically NYLL §652.

95. Defendants also failed to pay Plaintiffs the required minimum wage, which Plaintiffs were entitled under NYLL §652, in violation of 12 N. Y. C. R. R. 137-1.3.

96. Due to Defendants' NYLL violations, Plaintiffs are entitled to recover from Defendants, jointly and severally, his unpaid minimum wages and an amount equal to their unpaid minimum wages in the form of liquidated damages, as well as reasonable attorneys' fees and costs of the action, including interest in accordance with NYLL §198 (1-a).

## FIFTH CAUSE OF ACTION
### Spread of Hours Compensation Under New York Labor Law

97. Plaintiffs re-allege and incorporate by reference all allegations in all preceding paragraphs.

98. Defendants willfully violated Plaintiffs' rights by failing to pay Plaintiffs an additional hour of pay at minimum wage for each day worked more than ten (10) hours, in violation of the New York Minimum Wage Act and its implementing regulations. N.Y. Labor Law §§ 650 et seq.; 12 N. Y. C. R. R. § 142-2.4

99. Due to Defendants' New York Labor Law violations, Plaintiffs are entitled to recover from Defendants their unpaid spread of hour compensation, reasonable attorneys' fees, and costs of the action, pursuant to N. Y. Labor Law § 663 (1).

## SIXTH CAUSE OF ACTION
**Violation of the Notice and Recordkeeping Requirements of the New York Labor Law**

100.    Plaintiffs re-allege and incorporate by reference all allegations in all preceding paragraphs.

101.    Defendants failed to provide Plaintiffs with a written notice, in English and in Spanish (Plaintiffs' primary language), of their rate of pay, regular pay day, and such other information as required by NYLL §195(1).

102.    Defendants are liable to Plaintiffs in the amount of $5,000.00 per Plaintiff, together with costs and attorneys' fees.


## SEVENTH CAUSE OF ACTION
**Violation of the Wage Statement Requirements of the New York Labor Law**

103.    Plaintiffs re-allege and incorporate by reference all allegations in all preceding paragraphs.

104.    Defendants failed to provide Plaintiffs with wage statements upon each payment of wages, as required by NYLL §195(3)

105.    Defendants are liable to Plaintiffs in the amount of $5,000.00 per Plaintiff, together with costs and attorneys' fees.


## PRAYER FOR RELIEF

**Wherefore,** Plaintiffs respectfully request that judgment be granted:

a.    Declaring Defendants' conduct complained herein to be in violation of the Plaintiffs' rights under the FLSA, the New York Labor Law, and its regulations;

b.    Awarding Plaintiffs' unpaid overtime wages;

c.    Awarding Plaintiffs' unpaid minimum wages;

d.    Awarding Plaintiffs' unpaid spread of hours compensation;

e.    Awarding Plaintiffs liquidated damages pursuant to 29 U.S.C. §216 and New York Labor Law §§198(1-a), 663(1);

f.    Awarding Plaintiffs prejudgment and post-judgment interest;

g.   Awarding Plaintiffs the costs of this action together with reasonable attorneys'
fees; and

h.   Awarding such and further relief as this court deems necessary and proper.

## **DEMAND FOR TRIAL BY JURY**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs demand a trial
by jury on all questions of fact raised by the complaint.


Dated: Forest Hills, New York
       This 31st day of January 2018.



By: _____
Helen F. Dalton (HFD 3231)
Roman Avshalumov (RA 5508)
69-12 Austin Street
Forest Hills, NY 11375
Telephone: 718-263-9591
Fax: 718-263-9598
*Attorneys for Plaintiffs*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

RAFAEL SANTOS, ROBERT ANTONIO MIRON CASTILLO, MARLON CRUZ, and ISRAEL CARCAMO-PONCE, individually and on behalf of all others similarly situated,

Plaintiffs,

-against-

FIVE BROTHERS AUTO SPA AND LUBE CORP., and HAK SANG MEIER, as an individual,

Defendants.

## SUMMONS & COMPLAINT

HELEN F. DALTON & ASSOCIATES, P.C.
Attorneys for Plaintiffs
69-12 Austin Street
Forest Hills, NY 11375
Phone (718) 263-9591
Fax (718) 263-9598

**TO:**
**FIVE BROTHERS AUTO SPA AND LUBE CORP.**
**3327 CONNER STREET**
**BRONX, NEW YORK 10475**

**HAK SANG MEIER**
**3327 CONNER STREET**
**BRONX, NEW YORK 10475**