

# Helen F. Dalton and Associates, P.C.
### Attorneys at Law

80-02 Kew Gardens Road, Suite 601, Kew Gardens, NY 11415
T. 718.263.9591 ♦ F. 718.263.9598

January 28, 2019

**Via ECF**
The Honorable District Judge Jesse M. Furman
United States District Court
Southern District of New York
40 Foley Square
New York, New York 10007

Re: **Santos et al. v. Five Brothers Auto Spa and Lube Corp., et al.
18-CV-907 (JMF)**

Dear Judge Furman:

We represent the Plaintiffs in the above-referenced matter and we submit this joint letter motion on behalf of both parties seeking approval of the Settlement Agreement (attached hereto as Exhibit 1) ("the Agreement") as fair and reasonable. As directed in Your Honor's December 27, 2018 Order, the parties analyze the factors articulated in *Wolinsky v. Scholastic, Inc., 900 F. Supp. 2d 332, 335-336* as a basis for the Agreement's approval.

**The *Wolinsky* Factors**

**1. The Plaintiffs' range of possible recovery:**

Plaintiffs are five former employees who worked for Defendants for varying periods of time. Plaintiffs alleged that they did not receive proper overtime rates when Plaintiffs worked in excess of forty hours per week in violation of the Fair Labor Standards Act ("FLSA") and New York Labor Laws ("NYLL"). Plaintiffs also alleged that their hourly rates fell below the applicable minimum wage and that Plaintiffs did not spread of hours compensation pursuant to the NYLL. Lastly, Plaintiffs alleged that they were entitled to statutory penalties for failure to provide wage notices and weekly wage statements in violation of the NYLL. Plaintiffs' calculation of damages for all of the above claims, including liquidated damages, was approximately $327,840.60.

However, Defendants maintained extensive records pertaining to the dates of Plaintiffs' employment, the hours that Plaintiffs worked, and the pay that Plaintiffs received in both wages and tips. Although, Plaintiffs disputed the accuracy of these records, they acknowledged the existence of these records.

In light of the above, Plaintiffs' range of possible recovery was $0.00 to $327,840.60. The parties reached an agreement to settle this matter for $100,000.00 – an amount that falls squarely in the range of possible recovery for Plaintiffs and an amount that is reasonable in light of the records maintained by Defendants and their potential defenses.

**2. The extent to which "the settlement will enable the parties to avoid anticipated burdens and expenses in establishing respective claims and defenses":**

Although the parties had conducted extensive paper discovery prior to reaching a settlement, the parties still had outstanding depositions to conduct. The parties still had to conduct three plaintiff depositions (all of which would have required an interpreter), the deposition of the defendant, and depositions of a number of non-party witnesses. The parties also faced significant expenses in preparing for and conducting a trial that may have lasted over one week.

Each Plaintiff would have needed to take multiple days off from his current job and Plaintiffs would have incurred significant expenses preparing exhibits for trial and hiring court-licensed translators for each Plaintiff.

**3. The seriousness of litigation risks faced by the parties:**

Both parties faced significant risks had they proceeded to trial in this matter.

Although Plaintiffs were confident that they could succeed on all their claims, Plaintiffs recognized the seriousness of losing at trial compounded by the fact that they would have to pay Defendants' reasonable attorneys' fees in the event of recoveries in less than the amounts of the Offers of Judgment made by Defendants in this matter. The seriousness of this risk favored the settlement for Plaintiffs. Defendants also faced the risk of losing at trial and not only having to pay any potential unpaid wages to Plaintiffs but also Plaintiffs' counsel's reasonable attorneys fees.

**4. Whether "the settlement agreement is the product of arm's-length bargaining between experienced counsel":**

The parties engaged in extensive back-and-forth settlement talks for approximately sevens months prior to reaching a settlement. The parties began their settlement discussions in May 2018, participating in multiple telephone conferences with The Honorable Magistrate Judge Debra C. Freeman. The parties attended a settlement conference before The Hon. Judge Freeman in August 2018 where the parties were unable to reach a settlement. The parties continued to discuss settlement over the next four months before an agreement was reached on record prior to conducting the deposition of Defendant Hak Sang Meier on December 21, 2018.

Plaintiffs are represented by counsel who specialize in FLSA and NYLL matters and have settled hundreds of wage-and-hour cases in both New York state and federal courts. Defendants are also represented by counsel who specialize in FLSA and NYLL matters.

The Agreement was the product of months-long arm's-length bargaining between experienced counsel and has been carefully tailored to satisfy the criteria articulated for approval by Second Circuit courts. The Agreement does not contain any confidentiality or release of claims unrelated to the wage-and-hour claims asserted in this matter.

**5. The possibility of fraud of collusion:**

Both parties are represented by experienced, competent counsel and the parties have maintained a professional relationship throughout the litigation. There is no possibility of fraud or collusion in this settlement.

**Attorneys' Fees**

The parties agreed to settle this matter for a global settlement of $100,000.00.

Plaintiff's counsel respectfully requests $1,363.00 for identifiable expenses, which includes: the Southern District of New York filing fee ($400.00) and the costs of serving the Defendants through their process server, Anke Judicial Services ($225.00), the costs associated with depositions of Plaintiffs and Defendant ($715.00), and postage fees ($23.00).

Plaintiff's counsel respectfully requests one-third of the settlement less the expenses ($98,637.00), or approximately $32,879.00 in attorneys' fees, as agreed upon in the Plaintiffs' retainer agreements with this firm. Therefore the total amount to be paid to the attorneys in this matter is $34,242.00.

Plaintiff's attorneys and their client have a retainer agreement that is reduced to writing and is signed by the client. Attorneys' fees of 33% on FLSA and NYLL claims are routinely approved by courts in the Second Circuit. *See, e.g., Calle v. Elite Specialty Coatings Plus, Inc.,* 2014 U.S. Dist. LEXIS 164069 (E.D.N.Y. Nov. 19, 2014) (approving settlement of FLSA and NYLL claims stating that a "one-third contingency fee is a commonly accepted fee in this Circuit"); *Rangel v. 639 Grand St. Meat & Produce Corp.,* 2013 U.S. Dist. LEXIS 134207 (E.D.N.Y. Sept. 19, 2013). The Court in *Cheeks* did not assert that the Court needs to approve the attorney fee agreement in each FLSA case. The Court there denied the attorneys' fees because the attorneys were seeking to recover between 40 and 43.6% of the total payment with no justification as to why the attorneys would be entitled to an amount larger than the norm. *Cheeks v. Freeport Pancake House, Inc.,* 796 F3d 199, 206 (2d Cir 2015)(*citing Lopez v Nights of Cabiria, LLC,* 96 F Supp 3d 170, 181-82 (SDNY 2015).

Here, Plaintiff is requesting attorneys' fees in the amount of one-third of the settlement total, pursuant to the retainer agreement entered into with the client. Since one-third is the standard amount allowed to attorneys in FLSA cases, and the Plaintiff entered into a contract for this amount with their counsel, this amount is not unreasonable, and *Cheeks* does not disagree.

However, as Your Honor has requested Plaintiffs' contemporaneous billing records, please see the records attached hereto as Exhibit 2. Plaintiffs' attorneys fees via the lodestar method are $29,107.50. Plaintiffs' counsel spent a combined 93.5 attorney hours and 34.7 paralegal hours working on this matter from intakes of the clients in 2017 through settlement in January 2019.

In closing, the parties respectfully submit that the Settlement Agreement is fair and reasonable, and therefore request that the Court approve or so order the Settlement Agreement.

We thank Your Honor for his continued consideration on this matter.

Respectfully submitted,

__/s/_____
Roman Avshalumov, Esq.
James O'Donnell, Esq.
Helen F. Dalton & Associates, P.C.
80-02 Kew Gardens Road
Suite 601
Kew Gardens, New York 11415
(T): 718-263-9591