## AGREEMENT AND RELEASE

This Agreement and Release ("Agreement") sets forth the mutual understanding between **RAFAEL SANTOS, ROBERT ANTONIO MIRON CASTILLO, MARLON CRUZ, ISRAEL CARCAMO-PONCE and NOE JINEZ GARCIA** (hereinafter referred to as "Plaintiffs") and **FIVE BROTHERS AUTO SPA AND LUBE CORP. and HAK SANG MEIER, as an individual,** (hereinafter collectively referred to as "Defendants"), regarding Plaintiffs' employment and the settlement of any and all claims Plaintiffs have or may have against Defendants.

**WHEREAS,** Plaintiffs have commenced an action against Defendants in the Southern District of New York, United States District Court ("the Court"), bearing Docket No.: 18-CV-907 alleging wage and hour violations under the Federal Labor Standards Act and New York Labor Law.

**WHEREAS,** Defendants deny that they failed to pay Plaintiffs all wages owed to them;

**WHEREAS,** Defendants do not admit any violation of law or any liability to Plaintiffs;

**WHEREAS,** Plaintiffs and Defendants mutually desire to settle and resolve all disputes and differences between them, on the terms and conditions hereinafter set forth;

**NOW, THEREFORE,** in consideration of the mutual promises contained in this Agreement, Defendants and Plaintiffs, having been represented by counsel, have independently concluded that it is in their respective best interests to do so, agree as follows:

**1.   Payment**

In lieu of incurring further litigation costs associated with defending the action commenced against them by Plaintiffs and in consideration for Plaintiffs' execution of this Agreement, which includes a release, Defendants agree to the following payment terms:

a.   Defendants shall cause Plaintiffs to be paid the gross sum of one hundred thousand dollars ($100,000.00), inclusive of attorneys' fees and costs ("Settlement Funds"), payable as follows:

i. 1st installment: On or before March 15, 2019, Defendants shall provide payment in the amount of sixty seven thousand dollars ($67,000.00) See payment schedule attached hereto as Exhibit A for allocation of payment.

ii. 2nd installment: On or before June 1, 2019, Defendants shall provide payment in the amount of eleven thousand dollars ($11,000.00). See payment schedule attached hereto as Exhibit A for allocation of payment.

iii. 3rd installment: On or before August 15, 2019, Defendants shall provide payment in the amount of eleven thousand dollars ($11,000.00).. See payment schedule attached hereto as Exhibit A for allocation of payment.

      iv. <u>4th installment:</u> On or before November 30, 2019, Defendants shall provide payment in the amount of eleven thousand dollars ($11,000.00). See payment schedule attached hereto as Exhibit A for allocation of payment.

b. The Settlement Funds will be provided to the Helen F. Dalton & Associates, P.C., 69-12 Austin St, Forest Hills, New York, 11375 without any deductions or withholdings The Parties agree and acknowledge that Defendants will issue an IRS Form-1099 for each Plaintiff for his share of the Settlement Amount. The Parties further agree and acknowledge that the Plaintiffs will hold the Defendants harmless and indemnify the Defendants for any adverse tax consequences as a result of the payment of the Settlement Amount.

c. The Parties agree and acknowledge that Defendants played no part in division of the Settlement Amount amongst the Plaintiffs and also with their attorneys.

d. At the time of execution of this Agreement, Plaintiffs' counsel shall deliver to Defendants' Counsel a Stipulation of Voluntary Dismissal, with Prejudice, in the form attached as Exhibit A hereto, which Defendants' counsel shall hold in escrow and may not file until receipt of written confirmation via e-mail from Plaintiffs' counsel that the 1st installment (Paragraph 1(a)(i) have been received.

2. **Confession of Judgment**

    a. Upon signing of this settlement agreement, Defendants shall execute the Confession of Judgment in the amount of two hundred thousand dollars ($200,000.00) (attached hereto as Exhibit B), less any payments made pursuant to this Agreement, and counsel for the Plaintiffs, Helen F. Dalton & Associates, P.C., shall hold the Confession of Judgment in escrow pending the entire payment of the funds set forth in Paragraph 1.

    b. In the event Defendants are in default of any of the payments in Paragraph 1 of this Agreement, Plaintiff shall provide ten (10) calendar days written notice to Defendants via email sent to Diane H. Lee, Esq. email: dlee@dhllaw.com, of the default. If Defendants do not cure the defect within ten (10) calendar days of receipt of the notice then all settlement monies owed under this Agreement shall be immediately due in their entirety.

    c. In the event of such a default and entry of such judgment as described above, Defendants agree to pay and be indebted to Plaintiffs for statutory costs, reasonable attorneys' fees incurred in the process of entering and enforcing the judgment, and interest on the judgment.

    d. Upon payment of the entire Settlement Funds outlined in Paragraph 1, Plaintiff shall return the Confession of Judgment to Defendants' counsel.

### 3. Stipulation of Dismissal

Upon execution of this Agreement, Plaintiffs shall provide Defendants with an executed Stipulation of Discontinuance with Prejudice as to Defendants. Upon written confirmation from Plaintiffs' counsel that the 1st installment has been received, Defendants will file a Stipulation of Discontinuance with Prejudice with the Court. Notwithstanding Plaintiffs' filing of the Stipulation of Dismissal, the parties agree that this Court will retain jurisdiction over this matter in the event either party defaults with respect to their obligations under the Agreement and to enforce the terms of the Agreement.

### 3. Settlement of Claims

Except as otherwise stated, upon execution of this Agreement, all claims brought under the Complaint (**Docket No.: 18-CV-907**) by Plaintiffs against Defendants, including claims for wages, liquidated damages, retaliation and attorneys' fees and without admission that Plaintiffs have established that any such claims have any merit or that Plaintiffs have incurred any damages, shall be deemed settled, satisfied and resolved.

### 4. Non-Admission

This Agreement does not constitute an admission that Defendants have violated any law, committed any tort, breached or committed any wrongdoing whatsoever and Plaintiffs expressly acknowledge that Defendants continue to deny any wrongdoing arising out of Plaintiffs' employment and separation thereof.

### 5. Representations

Plaintiffs understand and agree that they have been advised to consult with an attorney before signing this Agreement.

### 6. Release

In consideration of the payments to be provided by Defendants as described in the Agreement, Plaintiffs, for themselves and their heirs, executors, administrators and his respective successors and assigns, **HEREBY RELEASE AND FOREVER DISCHARGE**, to the maximum extent permitted by law, Defendants, any insurers of Defendants, and Defendants' respective parent corporations, stockholders, subsidiaries, affiliates, divisions, successors and assigns, their respective current and former officers, owners, directors, employees, trustees, agents, whether as individuals or in their official capacity, and each of their respective successors and assigns, and attorneys of and from all or any manner of actions, causes and causes of action, suits, debts, obligations, damages, complaints, liabilities, losses, covenants, contracts, controversies, agreements, promises, and expenses (including attorneys' fees and costs), extents, executions, claims and demands whatsoever at law or in equity ("claims"), which were alleged in the Complaint filed in the action, specifically including Federal Labor Standards Act and New York Labor Law, and its associated regulations concerning unpaid wages, record-keeping

violations and failure to provide proper wage statements, which Plaintiffs ever had, now have, or which Plaintiffs hereafter can, shall or may have for, upon or by reason of any matter, cause or thing whatsoever without limitation arising out of Plaintiffs' employment by Defendants, their termination thereof, and/or the negotiation and/or execution of this Agreement, or all claims referred to or identified in various correspondence to and between the parties leading up to this Agreement.

Defendants, for themselves and their heirs, executors, administrators and his respective successors and assigns, **HEREBY RELEASE AND FOREVER DISCHARGE**, to the maximum extent permitted by law, Plaintiffs from any and all claims that did or could have arisen out of their employment with Defendants.

### 7. Attorneys' Fees

Except as otherwise stated, the parties expressly agree to bear their own attorneys' fees, costs and disbursements incurred in this litigation. Further, no party shall be responsible or liable for the payment of any attorneys' fees for the other party.

### 8. Acknowledgment

Plaintiffs acknowledge that they are receiving consideration under this Agreement which represents a fair settlement of their claims. Plaintiffs acknowledge that they were represented by counsel of their own choosing throughout the negotiation and the execution of the Agreement. Plaintiffs further represent that they had sufficient opportunity to consider this Agreement; that they read this Agreement fully and carefully and understand its terms; and that they are signing it knowingly and voluntarily.

### 9. Oral Modifications Prohibited

This Agreement represents the entire agreement between Plaintiffs and Defendants with respect to Plaintiffs' employment with Defendants. This Agreement cannot be amended, supplemented, or modified nor may any provision be waived, except by a written instrument executed by the party against whom enforcement of any such amendment, supplement, modification or waiver is sought.

### 10. Enforcement of the Agreement

This Agreement shall be governed by the law of the State of New York, without regard to the choice-of-law or conflicts-of-law principles of any jurisdiction.

### 11. Effective Date

This Agreement and Release shall become effective immediately upon execution.

## 12. Counterparts

This Agreement may be executed on multiple counterparts, each of which shall be considered an original but all of which will constitute one (1) Agreement.

**PLAINTIFFS:**

*[signature]*
RAFAEL SANTOS
Date: 1-25-19

*[signature]*
ROBERT ANTONIO MIRON CASTILLO
Date: 1/25/19

M C
MARLON CRUZ
Date: 1/25/19

*[signature]*
ISRAEL CARCAMO-PONCE
Date: 1/25/19

*[signature]*
NOE JINEZ ~~GARCIA~~ GARCES
Date: 1/25/2019

5

## 12. Counterparts

This Agreement may be executed on multiple counterparts, each of which shall be considered an original but all of which will constitute one (1) Agreement.

**PLAINTIFFS:**

_____
RAFAEL SANTOS
Date:

_____
ROBERT ANTONIO MIRON CASTILLO
Date:

_____
MARLON CRUZ
Date:

_____
ISRAEL CARCAMO-PONCE
Date:

_____
NOE JINEZ GARCIA
Date:

**DEFENDANTS:**

FIVE BROTHERS AUTO SPA AND LUBE CORP.

_____
HAK SANG MEIER, as an agent authorized to execute on behalf of FIVE BROTHERS AUTO SPA AND LUBE CORP.

5

Date:

_____
HANG-SAK MEIER, as an individual
Date: 1/19/00

1-24-19

6

EXHIBIT A

| 18-CV-907: Santos, et al. v. Five Brothers Auto Spa & Lube Corp., et al. | | |
|---|---:|---|
| **Total Settlement** | $100,000.00 | |
| **Expenses** | $1,363.00 | |
| **Settlement Less Expenses** | $98,637.00 | |
| | | |
| **33.3% of Settlement Less Expenses (Requested Attorneys' Fees)** | $32,879.00 | |
| **Total Requested Amount to Attorneys (Fees + Expenses)** | $34,242.00 | |
| | | |
| **Total to Plaintiffs** | $65,758.00 | |
| | | |
| **Total to Each Plaintiff** | | |
| Robert Antonio Miron Castillo | $15,000.00 | |
| Rafael Santos | $25,000.00 | |
| Marlon Cruz | $10,000.00 | |
| Israel Carcamo-Ponce | $5,758.00 | |
| Noe Jinez Garcia | $10,000.00 | |
| | $65,758.00 | |
| | | |
| **Initial Payment of $67,000.00 (due by March 15, 2019)** | | |
| Robert Antonio Miron Castillo | $10,050.00 | |
| Rafael Santos | $16,750.00 | |
| Marlon Cruz | $6,700.00 | |
| Israel Carcamo-Ponce | $3,857.86 | |
| Noe Jinez Garcia | $6,700.00 | |
| Helen F. Dalton & Associates, P.C. | $22,942.14 | |
| | $67,000.00 | |
| | | |
| **Each Payment of $11,000.00 (6/1/19, 8/15/19, 11/30/19)** | | |
| Robert Antonio Miron Castillo | $1,650.00 | |
| Rafael Santos | $2,750.00 | |
| Marlon Cruz | $1,100.00 | |
| Israel Carcamo-Ponce | $633.38 | |
| Noe Jinez Garcia | $1,100.00 | |
| Helen F. Dalton & Associates, P.C. | $3,766.62 | |
| | $11,000.00 | |

# EXHIBIT B

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
RAFAEL SANTOS, ROBERT ANTONIO MIRON
CASTILLO, MARLON CRUZ, ISRAEL CARCAMO-PONCE,
and NOE JINEZ GARCIA, individually and on behalf of all
others similarly situated,

**CONFESSION OF JUDGMENT**

Plaintiffs,

18-CV-907 (JMF)

-against-

FIVE BROTHERS AUTO SPA AND LUBE CORP. and HAK
SANG MEIER, as an individual,

Defendants.
----------------------------------------------------------------X

HAK SANG MEIER, being duly sworn, deposes and says:

1. I am an individual Defendant named in the above-entitled action.

2. I reside at _Bergen County, New Jersey_.

3. I, an individual Defendant in this matter, hereby confesses judgment in this Court in favor of the Plaintiffs, RAFAEL SANTOS, ROBERT ANTONIO MIRON CASTILLO, MARLON CRUZ, ISRAEL CARCAMO-PONCE, and NOE JINEZ GARCIA, ("Plaintiffs"), for the sum of two hundred thousand dollars ($200,000.00) less any payments made pursuant to the Settlement Agreement in this matter, in accordance with the amicable resolution of an action between these parties pending in the Southern District of New York bearing Docket No. 18-CV-907 (the "Litigation") and hereby authorizes Plaintiffs or their heirs, executors, administrators, or assigns to enter judgment for that sum against HAK SANG MEIER.

4. I, an authorized agent of OUREM IRON WORKS INC., hereby confesses judgment in this Court in favor of the Plaintiffs, RAFAEL SANTOS, ROBERT ANTONIO MIRON CASTILLO, MARLON CRUZ, ISRAEL CARCAMO-PONCE, and NOE JINEZ GARCIA, ("Plaintiffs"), for the sum of two hundred thousand dollars ($200,000.00), less any payments made pursuant to the Settlement Agreement in this matter, in accordance with the amicable resolution of an action between these parties pending in the Southern District of New York bearing Docket No. 18-CV-907 (the "Litigation") and hereby

authorizes Plaintiffs or their heirs, executors, administrators, or assigns to enter judgment for that sum against FIVE BROTHERS AUTO SPA AND LUBE CORP.

5. This confession of judgment is for a debt justly due to the Plaintiffs arising out of the following facts:

Plaintiff commenced the Litigation pursuant to the Fair Labor Standards Act and the New York Labor Law, alleging that Defendants (as Plaintiffs' employer) failed to pay proper overtime wages when Plaintiff worked over 40 hours in a particular work week and failed to pay proper minimum wages. The Litigation was amicably resolved, by the Defendants agreeing to pay a total of one hundred thousand dollars ($100,000.00) over four (4) payments as follows:

> i. 1st installment: On or before March 15, 2019, Defendants shall provide payment in the amount of sixty seven thousand dollars ($67,000.00) See payment schedule attached hereto as Exhibit A for allocation of payment.
>
> ii. 2nd installment: On or before June 1, 2019, Defendants shall provide payment in the amount of eleven thousand dollars ($11,000.00). See payment schedule attached hereto as Exhibit A for allocation of payment.
>
> iii. 3rd installment: On or before August 15, 2019, Defendants shall provide payment in the amount of eleven thousand dollars ($11,000.00).. See payment schedule attached hereto as Exhibit A for allocation of payment.
>
> iv. 4th installment: On or before November 30, 2019, Defendants shall provide payment in the amount of eleven thousand dollars ($11,000.00). See payment schedule attached hereto as Exhibit A for allocation of payment.

6. The parties also agree that should the Defendants fail to make a payment when due, after ten (10) calendar days' written notice of the default to Defendants via electronic mail to Defendants' counsel, **Diane H. Lee, Esq. email: dlee@dhllaw.com**, Defendants would be indebted to Plaintiffs in the amount of $200,000.00, less any payments made pursuant to the Settlement Agreement in this matter.

7. In the event of such a default and entry of such judgment as described above, Defendants agree to pay and be indebted to Plaintiffs for statutory costs, reasonable attorneys' fees incurred in the process of entering and enforcing the judgment, and interest on the judgment.

8. This confession of judgment is not for the purpose of securing the plaintiff against a contingent liability, nor is it based upon a consumer credit transaction.

_[signature]_

HAK SANG MEIER, as an authorized agent of FIVE BROTHER AUTO SPA AND LUBE CORP.

Date: 1/24/19

Sworn to before me this
1/24 day of 19, 2019

_[signature]_

Notary Public  Drane H. Lee
Attorney at Law in the State of New Jersey

_[signature]_

HAK SANG MEIER, as an individual

Date: 1/24/19

Sworn to before me this
24th day of Jan, 2019

_[signature]_

Notary Public

Drane H. Lee
Attorney at Law in the State of New Jersey

3